IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| DEENVAUGHN ROWE, | ) | Count One: 18 U.S.C. § 371 |
| also known as "Deen Vaughn," | ) | (Conspiracy to Commit Bribery) |
| KENDRA BRANTLEY, | ) | |
| ALICIA NORMAN | ) | Counts Two, Three and Four: 18 U.S.C. |
| | ) | § 201(b)(2) |
| | ) | (Bribery) |
| | ) | |
| | ) | Count Five: 18 U.S.C. §§ 841, 846 |
| | ) | (Conspiracy to Distribute, Dispense and |
| | ) | Possess with the Intent to Distribute |
| | ) | Marijuana) |
| | ) | |
| | ) | Forfeiture: 18 U.S.C. § 981 (a)(1)(C); 21 |
| | ) | U.S.C. § 853; 28 U.S.C. § 2461 |

The Grand Jury charges:

## GENERAL ALLEGATIONS

1.   At all times relevant to this Indictment, DEENVAUGHN ROWE, also known as "Deen Vaughn" (hereinafter "ROWE"), KENDRA BRANTLEY, and ALICIA NORMAN were employed by the United States Postal Service ("USPS").

2.   Beginning in 2012 and continuing until September 2015, ROWE was the Acting Manager of the Lamond-Riggs Post Office, a USPS postal facility located at 6200 North Capitol Street, Northwest, in the District of Columbia. Since September 2015, ROWE has been on detail as the Acting Manager of the River Terrace Post Office. In his role, Rowe is responsible for the day-to-day operation of the post office, including staffing certain tasks with postal employees and

overseeing postal operations for his assigned post office. ROWE's annual salary was approximately $69,113 in 2016.

3. BRANTLEY is a letter carrier at the Lamond-Riggs Post Office. She is responsible for delivering USPS packages to addresses along route C-08.

4. NORMAN is a carrier technician at the Lamond-Riggs Post Office. Norman was the back-up letter carrier for route C-08, the route ordinarily serviced by BRANTLEY.

5. As postal employees, ROWE, BRANTLEY, and NORMAN owed the USPS the duty to, among other things: a) ensure the security and integrity of the mail; b) safeguard the mail against use by individuals and enterprises engaged in criminal activity, including the distribution of marijuana; c) deliver the mail to the specified addressee; d) handle undeliverable mail in accordance with USPS policies and regulations; and e) correctly and accurately record the delivery of each USPS package sent via Priority Mail.

## COUNT ONE
## 18 U.S.C. § 371
### (Conspiracy to Commit Bribery)

6. The allegations in Paragraphs 1 through 5 are incorporated by reference as if fully set forth herein.

### THE CONSPIRACY AND ITS OBJECTS

7. Beginning in or about September 2015, and continuing until on or about August 16, 2016, in the District of Columbia, and elsewhere, **DEENVAUGHN ROWE, also known as "Deen Vaughn," KENDRA BRANTLEY** and **ALICIA NORMAN**, did unlawfully, willfully and knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to corruptly demand, seek, receive, accept, and agree to receive and accept, directly and indirectly, a thing of

value personally and for another person, in return for being influenced in the performance of an official act and being induced to do and omit to do any act in violation of the official duties of ROWE, BRANTLEY, and NORMAN, in violation of 18 U.S.C. § 201(b)(2).

## PURPOSE OF THE CONSPIRACY

8. The purpose of the conspiracy was for the defendants to use their official positions as employees of USPS to enrich themselves through bribery.

## MANNER AND MEANS

The manner and means by which the defendants and others carried out the conspiracy included, but were not limited to, the following:

9. The defendants used their official positions with USPS to support the illicit transportation and delivery of packages containing marijuana to persons in the District of Columbia and elsewhere.

10. The defendants solicited and accepted money in return for the use of their official positions to provide these illicit transportation and delivery services.

11. ROWE used his position as an Acting Manager of the Lamond-Riggs and River Terrace Post Offices to enlist the services of other USPS employees, including BRANTLEY and NORMAN, to deliver marijuana packages.

12. ROWE used his USPS computer to monitor the status of the marijuana packages mailed to specific groups of addresses, some real and some fictitious, assigned to certain carrier routes, including those assigned to BRANTLEY and NORMAN.

13. ROWE informed BRANTLEY and NORMAN of the status of marijuana packages, and monitored the successful delivery of those packages by communicating with BRANTLEY and NORMAN via cell phone during the periods immediately before, during, and after the deliveries.

14. While servicing their mail delivery route, BRANTLEY and NORMAN met an individual or individuals on the street and delivered the marijuana packages to them.

15. BRANTLEY and NORMAN each received cash from individuals in exchange for delivering the marijuana packages.

16. ROWE deposited the bribes he received as cash into bank accounts opened in his name.

17. BRANTLEY and NORMAN concealed their unauthorized deliveries by failing to properly scan or falsely scanning the marijuana packages in a manner that created a false USPS record as to the timing, manner, location, and recipient of the deliveries.

## OVERT ACTS

In furtherance of the conspiracy, the defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of Columbia and elsewhere:

### *ROWE'S USPS Queries*

18. Between in or about September 2015 and in or about June 2016, while serving as the Acting Manager of the River Terrace Post Office, ROWE queried over one hundred USPS Priority Mail packages addressed to locations serviced by the Lamond-Riggs Post Office.

### *March 17, 2016 Unauthorized Delivery*

19. On or about March 17, 2016, ROWE and BRANTLEY reported for work with USPS.

20. On or about that same day, at approximately 9:19 a.m., BRANTLEY used her cell phone to call ROWE on his cell phone.

21. On or about that same day, at approximately 10:00 a.m., BRANTLEY retrieved from the Lamond-Riggs Post Office a USPS Priority Mail package sent from California to an address serviced by carrier route C-08.

22. On or about that same day, at approximately 12:06 p.m., and again at 12:19 p.m., ROWE used his cell phone to call BRANTLEY on her cell phone.

23. On or about that same day, at approximately 12:10 p.m., BRANTLEY scanned a USPS Priority Mail package to create a USPS record reflecting that the package had been delivered.

24. On or about that same day, at approximately 12:30 p.m., BRANTLEY's USPS delivery van was parked near the corner of 8th and Jefferson Streets, Northwest, in the District of Columbia, near a white Range Rover with California plates.

25. On or about that same day and time, BRANTLEY handed the package identified in Paragraph 23 above to the individual driving the white Range Rover.

26. On or about that same day and time, BRANTLEY accepted cash from the individual she handed the package to.

### *April 11, 2016 Unauthorized Delivery*

27. On or about April 11, 2016, ROWE and NORMAN reported for work with USPS.

28. On or about that same day, at approximately 7:53 a.m., 7:54 a.m., and 7:55 a.m., ROWE used his USPS computer to query the status of three USPS Priority Mail packages sent from California to addresses serviced by carrier route C-08 at the Lamond-Riggs Post Office.

29. On or about that same day, at approximately 10:18 a.m., NORMAN retrieved from the Lamond-Riggs Post Office the three USPS Priority Mail packages queried by ROWE.

30. On or about that same day, at approximately 11:21 a.m., ROWE used his cell phone to call NORMAN on her cell phone.

31. On or about that same day, at approximately 11:25 a.m., NORMAN parked her USPS delivery van next to the same white Range Rover with California license plates that BRANTLEY met on or about March 17, 2016.

32. On or about that same day and time, NORMAN scanned the three USPS Priority Mail packages as delivered, creating a false USPS record reflecting that the packages had been delivered to the addressee.

33. On or about that same day, at approximately 11:26 a.m., NORMAN handed the three packages identified in Paragraph 28 above to the individual who had been driving the white Range Rover.

34. On or about that same day and time, NORMAN accepted cash from the individual she handed the packages to.

35. On or about that same day, at approximately 11:34 a.m., NORMAN used her cell phone to send a text message to ROWE's cell phone.

*April 22, 2016 Unauthorized Delivery*

36. On or about April 22, 2016, ROWE and BRANTLEY reported for work with USPS.

37. On or about that same day, at approximately 8:35 a.m., 8:43 a.m., and 8:44 a.m., ROWE used his USPS computer to query the status of two USPS Priority Mail packages bound for addresses serviced by carrier route C-08 at the Lamond-Riggs Post Office.

38. On or about that same day, shortly after 11:00 a.m., BRANTLEY's USPS delivery van was stopped near the intersection of 7th and Jefferson Streets, Northwest, in the District of

Columbia, and was met by the same white Range Rover with California plates involved in the unauthorized deliveries occurring on or about March 17 and April 11, 2016, described above.

39.  On or about that same day and time, BRANTLEY and the driver of the white Range Rover exited their respective vehicles and BRANTLEY handed the driver the two USPS Priority Mail packages that had been queried by ROWE earlier that morning.

40.  On or about that same day and time, BRANTLEY accepted cash from the individual she handed the packages to.

41.  On or about that same day, at approximately 11:11 a.m., BRANTLEY scanned the two USPS Priority Mail packages identified in Paragraph 39 as delivered, creating a false USPS record reflecting that the packages had been delivered to the addressee.

### *May 6, 2016 Unauthorized Delivery*

42.  On or about May 6, 2016, ROWE and BRANTLEY reported for work with USPS.

43.  On or about that same day, at approximately 8:26 a.m., ROWE queried the status of three USPS Priority Mail packages, two of which were shipped from California and one from Oregon, bound for addresses serviced by carrier route C-35 at the Lamond-Riggs Post Office.

44.  On or about that same day, ROWE used his cell phone to call BRANTLEY on her cell phone at approximately 10:30 a.m., and to text her at approximately 10:38 a.m., twice at 10:40 a.m., and then again at 10:47 a.m.

45.  On or about that same day, BRANTLEY used her cell phone to text ROWE at 10:38 a.m. and 10:46 a.m.

46.  On or about that same day, shortly after 11:00 a.m., the same white Range Rover with California license plates involved in the unauthorized deliveries occurring on or about March

17, April 11, and April 22, 2016, and described above, parked near BRANTLEY's USPS delivery van.

47.     On or about that same day and time, BRANTLEY and the driver of the white Range Rover exited their respective vehicles and BRANTLEY handed the driver of the white Range Rover the two USPS Priority Mail packages that had been queried by ROWE earlier that morning.

48.     On or about that same day and time, BRANTLEY then accepted cash from the individual she handed the packages to.

49.     On or about that same day, ROWE used his cell phone to call BRANTLEY on her cell phone at 11:04 a.m.

50.     On or about that same day, BRANTLEY failed to scan either USPS Priority Mail package identified in Paragraph 47 above as delivered, thereby creating a false USPS record that incorrectly states those packages remain "out for delivery."

### *ROWE'S Cash Deposits*

51.     On or about the dates listed below, ROWE deposited a total of approximately $31,485.00 in cash into a bank account bearing his name, as follows:

| ¶51 | Date | Cash Deposit |
|---|---|---|
| a. | December 22, 2015 | $5,990.00 |
| b. | December 28, 2015 | $3,500.00 |
| c. | January 11, 2016 | $2,000.00 |
| d. | January 13, 2016 | $1,000.00 |
| e. | February 4, 2016 | $2,100.00 |
| f. | February 8, 2016 | $6,045.00 |
| g. | February 11, 2016 | $4,000.00 |
| h. | April 13, 2016 | $650.00 |

| ¶51 | Date | Cash Deposit |
|---|---|---|
| i. | May 23, 2016 | $6,200.00 |
| | TOTAL | $31,485.00 |

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## 18 U.S.C. § 201(b)(2)
## (Bribery)

52. The allegations in Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

53. Beginning in or about September 2015, and continuing until on or about August 16, 2016, in the District of Columbia, and elsewhere, **DEENVAUGHN ROWE, also known as "Deen Vaughn,"** being a public official, did directly and indirectly corruptly demand, seek, receive, accept and agree to receive and accept a thing of value personally and for another person, in return for being influenced in the performance of an official act, and being induced to do and omit to do any act in violation of his official duties.

All in violation of Title 18, United States Code, Section 201(b)(2).

## COUNT THREE
## 18 U.S.C. § 201(b)(2)
## (Bribery)

54. The allegations in Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

55. Beginning on or about March 17, 2016, and continuing until on or about August 16, 2016, in the District of Columbia, and elsewhere, **KENDRA BRANTLEY**, being a public official, did directly and indirectly corruptly demand, seek, receive, accept and agree to receive and accept a thing of value personally and for another person, in return for being influenced in the

performance of an official act and being induced to do and omit to do any act in violation of her official duties.

All in violation of Title 18, United States Code, Section 201(b)(2).

## COUNT FOUR
## 18 U.S.C. §§ 201(b)(2)
### (Bribery)

56. The allegations in Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

57. Beginning on or about April 11, 2016, and continuing until on or about August 16, 2016, in the District of Columbia, and elsewhere, **ALICIA NORMAN**, being a public official, did directly and indirectly corruptly demand, seek, receive, accept and agree to receive and accept a thing of value personally and for another person, in return for being influenced in the performance of an official act and being induced to do and omit to do any act in violation of her official duties.

All in violation of Title 18, United States Code, Section 201(b)(2).

## COUNT FIVE
## 21 U.S.C. §§ 846 and 841(a)(1)
### (Attempt and Conspiracy to Distribute Marijuana)

58. The allegations in Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

59. Beginning in or about September 2015, and continuing until on or about August 16, 2016, in the District of Columbia, and elsewhere, **DEENVAUGHN ROWE, also known as "Deen Vaughn," KENDRA BRANTLEY** and **ALICIA NORMAN** did attempt and knowingly and intentionally conspire to commit an offense defined in Title 21 of the United States Code, that is to distribute, dispense, and possess with the intent to distribute and dispense marijuana, a

Schedule 1 controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

### *Quantity of Marijuana Involved in the Conspiracy*

60.     With respect to ROWE, his conduct as a member of the marijuana conspiracy charged in Count Five of this Indictment, which includes the reasonably foreseeable conduct of other members of the marijuana conspiracy charged in Count Five, involved over 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

61.     With respect to BRANTLEY and NORMAN, their conduct as members of the marijuana conspiracy charged in Count Five of this Indictment, which includes the reasonably foreseeable conduct of other members of the marijuana conspiracy charged in Count Five, involved a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

### **FORFEITURE ALLEGATION**

**18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(a); 28 U.S.C. § 2461**
**(Criminal Forfeiture)**

62.     Upon conviction of the offenses alleged in Counts One through Four, the defendants **DEENVAUGHN ROWE, also known as "Deen Vaughn," KENDRA BRANTLEY** and **ALICIA NORMAN** shall forfeit to the United States, pursuant to Title 18 U.S.C. § 981(a) and Title 28 U.S.C. § 2461, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States

will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

63. Upon conviction of the offense alleged in Count Five, the defendants **DEENVAUGHN ROWE, also known as "Deen Vaughn," KENDRA BRANTLEY** and **ALICIA NORMAN** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

64. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//

A TRUE BILL.

Dated: _____        _____
                                GRAND JURY FOREPERSON


RAYMOND N. HULSER
Chief, Public Integrity Section

By: _____

Nicholas Connor
Mark J. Cipolletti
Shamiso Maswoswe
Trial Attorneys
Public Integrity Section
Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 12100
Washington, DC 20005
Tel: (202) 514-1412
Fax: (202) 514-3003